UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>                      )<br>       v.                 )<br>                      )<br>MARCELO COUTINHO, )<br>        Defendant. ) | Criminal No. 06-10122-NMG |

**PRELIMINARY ORDER OF FORFEITURE**

**GORTON, D.J.,**

WHEREAS, on May 15, 2006, the United States Attorney filed a three-count Information charging defendant Marcelo Coutinho (the "Defendant") with Fraud and Misuse of Visas and Other Documents, in violation of 18 U.S.C. § 1546(a)(Counts One through Three);

WHEREAS, the Information sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Three of the Information, of any conveyance, including any vessel, vehicle, or aircraft used in the commission of each offense of which the Defendant is convicted; and any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of each offense which the Defendant is convicted; or that is used to facilitate, or is intended to be used to facilitate, the commission of each offense which the Defendant is convicted, pursuant to 18 U.S.C. § 1546, including, without limitation:

> $3,618.00 in United States currency seized on February 21, 2006, at Logan Airport in Boston, Massachusetts (the "Currency");

WHEREAS, the Information further provided that, if the Currency, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraphs a through e above;

WHEREAS, on June 6, 2006, the Defendant pled guilty to Counts One through Three of the Information; and

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 18 U.S.C. § 982(a)(6)(A), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.   The Court finds, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea, that the United States has established the requisite nexus

between the Currency and the offenses to which the Defendant pleaded guilty. Accordingly, all of the Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853.

2.  The United States Department of Homeland Security shall hold the Currency in its secure custody and control.

3.  Pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b), the United States Department of Homeland Security shall take all other appropriate steps to seize, forfeit, and dispose of the Currency, giving notice as required by law.

4.  Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. §853(n)(1), as incorporated by 18 U.S.C. § 982(b), the United States shall publish shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Currency in such a manner as the Attorney General my direct.

5.  Pursuant to 21 U.S.C. §853(n), as incorporated by 18 U.S.C. § 982(b), the Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

6. Pursuant to 21 U.S.C. §853(n)(2) and (3), as incorporated by 18 U.S.C. § 982(b), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency, shall within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. §853(n)(7), as incorporated by 18 U.S.C. § 982(b), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Currency.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n), as incorporated by 18 U.S.C. § 982(b), and Rule 32.2 of

4

the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. If the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b),.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ N.M. Gorton
_____
Nathaniel M. Gorton
United States District Judge

Dated: 8/9/06